## CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth of Virginia

v.

Gardner

November 16, 1995

Case Nos. F-95-1332 and F-95-1334

BY JUDGE DONALD W. LEMONS

The matter before the Court is the Defendant's Motion to Strike Commonwealth's Evidence as to F-95-1332 and F-95-1334. On October 17, 1995, the defendant was tried without a jury on four indictments, charging him with soliciting a minor (F-95-1262), contributing to the delinquency of a minor (M-95-1263), and two counts of taking indecent liberties with a minor as an accessory before the fact (F-95-1332, F-95-1334). At the conclusion of the Commonwealth's case in chief, the defendant moved to strike, which motion was denied. At the conclusion of all the evidence, the defendant renewed his motion, and the renewed motion was denied. The Court found the defendant guilty of all charges.

Upon further consideration, the Court, on its own motion, set aside its findings of guilt with respect to F-95-1332 and F-95-1334, so that the Court could reconsider the Defendant's Motion to Strike Commonwealth's Evidence with respect to these indictments. Having heard the arguments of counsel, the Court ordered that the defendant file a Memorandum of Law in support of his position by October 31, 1995. The Court further ordered that the Commonwealth file its response no later than November 7, 1995. The Court received the defendant's Memorandum of Law, but received no response from the Commonwealth. For the following reasons, the Defendant's Motion to Strike Commonwealth's Evidence as to F-95-1332 and F-95-1334 is granted.

The two indictments in question charge that the defendant was an accessory before the fact to the crime of taking indecent liberties with a minor, violations of Va. Code § 18.2-370(4). At trial, the Commonwealth adduced evidence that the defendant solicited his thirteen year old daugh-

ter to procure other girls who would be willing to engage in acts of sodomy with the defendant in exchange for money and drugs. The evidence clearly demonstrated that his daughter complied with the defendant's request and solicited two thirteen year old girls.

For the defendant to be guilty as an accessory before the fact, the Commonwealth must prove: (1) commission of the crime by the principal, and (2) that, prior to the commission of the crime by the principal, the accessory was in some way concerned as a contriver, instigator, or advisor. *Tolley v. Commonwealth*, 216 Va. 341, 348 (1975). *See also, McGhee v. Commonwealth*, 221 Va. 422, 425 (1980); *Cirios v. Commonwealth*, 7 Va. App. 292, 298 (1988); *Baldwin v. Commonwealth*, 0960-88-3 (Va. App. May 8, 1990) (unpublished opinion). The defendant contends that he cannot be guilty as an accessory before the fact because the Commonwealth cannot prove that the principal committed the crime.

According to the Commonwealth's theory, the principal in this case was the defendant's daughter, who at the time of the incident, was only thirteen years of age. Section 18.2-370(4) provides, in pertinent part, that "[a]ny person eighteen years of age or over, who, with lascivious intent, shall knowingly and intentionally . . . [p]ropose to [a child under the age of fourteen years to whom such person is not legally married] the performance of an act of sexual intercourse or any act constituting an offense under § 18.2-361 . . . shall be guilty of a class 6 felony." Definitionally, a thirteen year old is not capable of violating § 18.2-370(4). Therefore, because the Commonwealth cannot establish that the principal committed a violation of § 18.2-370(4), the Commonwealth cannot prove that the defendant was an accessory before the fact to a violation of § 18.2-370(4).

The evidence was sufficient to find the defendant guilty as a principal in the first degree under the doctrine of innocent agent. The doctrine of innocent agent:

> allows a defendant not present at the commission of the crime to be convicted as a principal in the first degree, if the defendant engaged in actions which caused the actual perpetrator to commit the crime as an innocent agent of the defendant. The innocent agent is "innocent" because he or she is a child, or is mentally incompetent, or otherwise does not have the requisite criminal state of mind.

*Gallimore v. Commonwealth*, 246 Va. 441, 446 n. * (1993) (citation omitted). *See also, Bailey v. Commonwealth*, 229 Va. 258, 262-63 (1985);

*Collins v. Commonwealth*, 226 Va. 223, 232-33 (1983). However, the Commonwealth chose to proceed against the defendant as an accessory before the fact. It is axiomatic that one cannot be an accessory before the fact to a crime in which he is a principal.

Va. Code § 18.2-18 does not save the Commonwealth's case. Section 18.2-18 provides, in part, that "every principal in the second degree and every accessory before the fact may be indicted, tried, convicted, and punished in all respects as if a principal in the first degree." The practical effect of this language is that the Commonwealth does not have to elect whether to try the defendant as a principal or as an accessory before the fact. *See, Ward v. Commonwealth*, 205 Va. 564, 568 (1964). However, in this case, the Commonwealth *did* elect to try the defendant as an accessory before the fact. Having made this election, it was incumbent upon the Commonwealth to prove that the defendant was an accessory before the fact, which the Commonwealth could not do.

For the foregoing reasons, the Defendant's Motion to Strike Commonwealth's Evidence is granted as to Indictment F-95-1332 and Indictment F-95-1334.